LUCY A. KING & another *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion December 12, 1879.

*Highway.    County Commissioners.    Jurisdiction.*

County commissioners have original jurisdiction to lay out a county road wholly within the limits of a town or city, when such road connects with other county roads; and the town or city within which it is laid out may construct the road any time within six years after the time allowed therefor by the commissioners, unless done by authority of law before that time.

ON REPORT.

Trespass to recover damages, sustained by reason of the construction of a road or way upon and across the plaintiffs' land, by the city of Lewiston. It is admitted that the title to said land was, at the time said trespass is alleged to have been committed, and now is, in Lucy A. King, one of the plaintiffs, and that Moses King, Jr., is her husband, and as such joins with her in this suit.

The county commissioners of Androscoggin county, in August, 1872, on the petition of A. B. Furbush and fifty-six others, after due notice, laid out a road or way, extending from Main street in said Lewiston, across College street to Sabattus street, in said Lewiston, which said road or way as laid out by said commissioners extend over, upon and across, the plaintiffs' land, substantially as set forth in the writ, and said county commissioners made return of their proceedings, on the 4th day of February, 1873, and therein allowed the said city of Lewiston two years from the time when all proceedings on said petition should be closed, in which to make and open said road or way, and all proceedings on said petition were closed September 2, 1873.

The termini of said road or way and the entire route thereof as prayed for in said petition and as laid out by the county commissioners are wholly within the limits of the city of Lewiston.

The said city of Lewiston did not make and open said road or way, or any part thereof, so laid out as aforesaid, within said two years, nor did said city take any action thereon until August, 1877. In August, 1877, John Read, street commissioner of said city of Lewiston, duly elected and qualified, and acting by and

under the express authority of the city government of said city of Lewiston, built and constructed that portion of said road or way, as laid out by said county commissioners as aforesaid, which extends from its terminus on said Main street to and across College street, and which said road or way so built and constructed, extends over, upon, and across plaintiffs' land as set forth in the writ.

It is admitted that Main street, College street and Sabattus street are county roads. The said petition of Furbish alleges "that common convenience and necessity requires the opening of a new highway which shall lead from the county road leading from Lewiston bridge to Green corner, starting at some point on said county road between the dwelling-houses of Lewis Ware, sen., and John H. Pettingill, and running south-easterly to the county road in Lewiston known as College street, there to join with and follow a range way (running south-easterly) to its intersection with the county road leading from Lewiston to the village of Sabattisville, said road being known as Sabattus street."

No damages were awarded the plaintiffs, by commissioners, and no appeal taken.

If the county commissioners had jurisdiction and authority to locate, and the city of Lewiston had authority to build and open the road or way at the time it did build and open it, the plaintiffs are to be nonsuited; otherwise the case is to stand for trial.

*Pillsbury & Potter and H. C. Wentworth,* for the plaintiffs, in an elaborate brief, cited R. S., c. 18, § 1. *Orrington* v. *Commissioners,* 51 Maine, 570. *Waterford* v. *Same,* 59 Id. 450. *Dresden* v. *Same,* 62 Id. 365. *True* v. *Freeman,* 64 Id. 573. *Hebron* v. *Same,* 63 Id. 314. *Com.* v. *Westboro',* 3 Mass. 406. *Same* v. *Cambridge,* 7 Mass. 158. Livermore Pet. 11 Maine, 275. *Waterville* v. *Barton,* 64 Id. 321. *Goodwin* v. *Commissioners,* 60 Id. 328. *Scarboro* v. *Same,* 41 Id. 604. Stat. 1821, c. 118, § 6. R. S., 1857, c. 18, § 1. Stat. 1831, tit. Cor. Sessions. R. S., 1840, c. 125, § 1. *Howland* v. *Commissioners,* 49 Maine, 143. *Small* v. *Pennell,* 31 Id. 267. *Cyr* v. *Dufour,* 62 Id. 20. *Fairfield* v. *Commissioners,* 66 Id. 385. *Woodcock* v. *Calais,* 66 Id. 234.

*Ludden & Drew*, for the defendants.

PETERS, J. The commissioners of Androscoggin county laid out a county way wholly within the city of Lewiston, leading from one county road to another, and crossing a third county way. The plaintiffs contend they had no power to do this, submitting a written argument of counsel in that behalf which is elaborate and ingenious. We cannot, however, put out of consideration the fact that this power of county commissioners has been directly recognized and admitted by several important and, we think, binding decisions. *New Vineyard* v. *Somerset Co.*, 15 Maine, 21. *Harkness* v. *Waldo Co.*, 26 Maine, 353. *Hermon* v. *Penobscot Coms.*, 39 Maine, 583. *Smith* v. *Cumberland Coms.*, 42 Maine, 395. These decisions were made upon statutes which are the same now as then. The legislature, in the subsequent revisions of the statutes, making no alteration has seen fit to abide by the judicial interpretation. The defendants do not contend that county commissioners have jurisdiction to lay out within a town an isolated way having no connection with other county roads at either terminus. Here the new road became a part and parcel of a system of county or common roads. It shortens the distance from place to place over the county roads, affording a new convenience for the public travel.

There can be no doubt that the city could lawfully build the road after two and within six years. After two years the commissioners could compel its construction, if neglected to be built. But what the commissioners can do for them, they can certainly do for themselves.

*Plaintiff's nonsuit.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.